**Marcia M. TRUE, Respondent,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.**

No. WD 41463.

Missouri Court of Appeals, Western District.

July 3, 1989.

William L. Webster, Atty. Gen., Waylene Wilhoit Hiles, Sp. Asst. Atty. Gen., Jefferson City, for appellant.

William J. Turpin, Liberty, for respondent.

Before TURNAGE, P.J., and CLARK and FENNER, JJ.

CLARK, Judge.

The director of revenue appeals the order entered by the associate circuit judge granting Marcia M. True hardship driving privileges pursuant to § 302.309, RSMo Supp.1988. Appellant contends that because True has a record of multiple convictions for driving while intoxicated, as well as other motor vehicle offenses, she is not a proper candidate to receive limited driving privileges for the term of her license revocation. We agree.

The facts of this case present an egregious example of abuse by True of the

privilege to operate a motor vehicle and a misapplication of judicial authority which the statutes have confided in the courts to mitigate the consequences imposed on alcohol impaired drivers. The grant of hardship driving privileges to True, a persistent alcohol abuser, was ill-advised and apparently issued by a court which was uninformed about the facts of the case.

The record of proceedings before the associate circuit judge is minimal and perfunctory. It consists only of True's application for hardship driving privileges filed October 17, 1988, an order setting the case for hearing one month later and the order granting hardship driving privileges entered November 17, 1988. If any actual hearing was conducted on that date, no record of those proceedings was made.

The application alleged that it was supported by an attached certified copy of True's driving record as maintained by the Missouri Department of Revenue. No such certified record, however, appears in the legal file transmitted to this court, and inquiry of the clerk's office at the Clay County Circuit Court made pursuant to Rule 81.12(e) discloses that no copy of True's driving record was filed there. It may be concluded that the driving record was not filed with the application, the assertion of the petition otherwise notwithstanding, and that the associate circuit judge had no knowledge at all about True's driving offense record when he authorized her operation of an automobile during a period when she was ineligible to receive a driver's license.

Appellant has remedied the deficiency in this important element of the case by supplying a copy of True's driving record which is filed here as a supplement by agreement of counsel. From that record, the following facts appear.

■ True has a record of alcohol related traffic offenses dating back to 1977. That year she suffered two convictions for driving with excessive blood alcohol content. She subsequently was convicted three times under the state statutes for driving while intoxicated and on three other occasions, she was convicted under municipal ordinances of Kansas City for driving while intoxicated. Her license to drive has been revoked for a continuous period since August 21, 1980 and as of the date when the present hardship driving permission was granted by the associate circuit judge, True had one hundred nine chargeable offense points, computed under the schedule appearing in § 302.302, RSMo 1986, against her driving record. She will be ineligible even for consideration of a grant of a driver's license for ten years, and then only by a petition to the circuit court. Section 302.-060(9), RSMo Supp.1988.

Perhaps the most flagrant aspect of True's conduct is the fact that she has ignored the revocation of her driver's license and has continued to drive her automobile during the years since 1980. This mockery of the statutes restricting the roadways to licensed drivers is evidenced by True's convictions after 1980 for multiple offenses of driving while intoxicated as well as speeding and careless driving. Two convictions from Clay County, one in 1982 and one in 1986, were for driving during a period of license suspension, the former being joined with a conviction for driving while intoxicated. The record strongly suggests that revocation of True's driving license has not operated as any impediment to her continued use of an automobile.

Hardship driving privileges are granted as a matter of grace and not of right. *Williams v. Schaffner*, 477 S.W.2d 55, 57 (Mo. banc 1972). Under § 302.309.3, RSMo Supp.1988, the circuit courts have been granted discretion, "as the circumstances of the case justify," to alleviate the penalty of license suspension or revocation only for the purpose of allowing the chauffeur or operator to drive in connection with a business, occupation or employment and then, only where a denial of that privilege would impose a hardship on the individual in earning his livelihood. Under the statute, even if the driver is not disqualified under the provisions of § 302.309.3(5), RSMo Supp. 1988, from a grant of hardship driving privileges, the determination to grant or deny hardship privileges is discretionary with the court. *Robinson v. Director of Reve-*

*nue,* 762 S.W.2d 872, 875 (Mo.App.1989). An abuse of discretion occurs if the ruling is against the logic of the circumstances and if reasonable men could not differ as to the decision. *Barrett v. Missouri Pacific Railroad Co.,* 688 S.W.2d 397, 399 (Mo. App.1985).

In the present case, the associate circuit judge abused his discretion when he granted hardship driving privileges to True. No reasonable person knowing of the carnage caused by intoxicated motorists could possibly find the logic of the circumstances to warrant granting driving privileges to an applicant such as True. Rather, the record of True's behavior in continuing to drive an automobile in violation of her license revocation and in repeatedly doing so while intoxicated suggests application of more severe penalties to preclude her operation of a vehicle under any circumstances. We find at a minimum that the order granting hardship driving privileges to True should be reversed.

Other aspects of this case deserve and require comment in the light of public concern over enforcement of statutes and ordinances pertaining to drunken drivers of motor vehicles.

First, with respect to True's application filed in the circuit court seeking hardship driving privileges, that application was supported by True's affidavit subscribed and sworn to before her attorney in the case, who was also a notary. The affidavit recited that True had never been convicted for the second time of operating a motor vehicle while in an intoxicated condition in violation of the state statute. The affidavit was false. True's driving record shows that she has been convicted three times of violating § 577.010, RSMo 1986, once each in Ray, Jackson and Clay Counties. These are in addition to True's other alcohol related motor vehicle convictions in Kansas City and Excelsior Springs. Even in the absence of compliance with the requirement that a copy of True's driving record be attached to the pleading, a correct recitation in the affidavit of True's actual convictions for driving while intoxicated would have shown her disqualified to receive hardship driving privileges.

Next, with regard to the application for hardship driving privileges, presumably prepared by True's attorney, the application recited that until July 3, 1986, True was the holder of a Missouri operator's license which at that time had no restrictions as to any use of any kind. The allegation was false. True was not on July 3, 1986 the holder of an operator's license because her license had been revoked on August 21, 1980. In fact, the earliest date when True could apply to the circuit court for license authorization would be July, 1992. In addition, the application for hardship driving privileges incorporated by reference True's affidavit mentioned above including the false statement that True had not suffered a second conviction for driving while intoxicated. The application was signed by True's attorney.

Rule 55.03 includes the requirement that the attorney who signs a pleading, motion or other paper thereby certifies that he has read the document and to the best of his knowledge, information and belief, formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law. True's attorney did not discharge his responsibility to the court in this case, because he either made no inquiry at all as to the facts of True's driving record or he did not represent those facts accurately in the application and affidavit.

Finally, it appears that the trial judge in this case acted to grant hardship driving privileges without any information as to True's extensive record of alcohol related offenses and based entirely on the application and affidavit discussed above. We condemn the practice exemplified in this case and the lapses which resulted in a grant of driving privileges to Marcia True, a patently unqualified applicant.

The order granting hardship driving privileges is reversed and the cause is remanded with directions that Marcia M. True be ordered to surrender to the court any driver's license, permit or order now in her possession purporting to authorize her to operate a motor vehicle and for such other

action as the court may deem proper. Costs are assessed against respondent.

All concur.