**Leo E. BUCHHEIT, Respondent,**

v.

**DIRECTOR OF REVENUE STATE OF MISSOURI, Appellant.**

**No. 62569.**

Missouri Court of Appeals,
Eastern District,
Division One.

June 15, 1993.

Rehearing Denied July 14, 1993.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Missouri Dept. of Revenue, Jefferson City, for appellant.

Tom K. O'Loughlin, II, J. Patrick O'Loughlin, Cape Girardeau, for respondent.

CRIST, Judge.

The Director of Revenue (Revenue) appeals the trial court's order granting Respondent (Buchheit) hardship driving privileges pursuant to § 302.309, RSMo Supp. 1992. We reverse and remand.

On January 16, 1991, Buchheit was arrested for driving while intoxicated. He refused to take a breathalyzer test. On March 15, 1991, Revenue issued notice that his license was to be revoked for failing to take the breathalyzer. Buchheit appealed this decision.

On June 15, 1992, Revenue assessed twelve points on Buchheit's driving record for his conviction on the DWI charges. It sent Buchheit notice of his impending revocation effective July 30, 1992 for obtaining twelve points or more.

On June 30, 1992, Buchheit filed a petition for hardship driving privileges pursuant to § 302.309. He stated he had been notified by Revenue his license was to be revoked for one year beginning July 30, 1992, because of a DWI conviction on June 15, 1992. Buchheit also stated he anticipated the court in Cause No. CV691–359AC would find he refused to take a breathaly-

zer and his license would also be revoked for that conviction for one year beginning July 30, 1992.

On July 16, 1992, Revenue answered Buchheit's petition asserting that pursuant to § 302.309.3(5)(a) he was ineligible for hardship driving privileges until he completed the first thirty days of his revocation period. It also contended if Buchheit's license should be revoked for failure to take a breathalyzer, § 302.309.3(5)(f) provided he would be ineligible for hardship driving privileges until he completed 90 days of his revocation. The sections in § 302.309 to which Revenue referred were amendments that went into effect July 1, 1992. Buchheit argued application of these sections would be an unconstitutional retrospective law, because the underlying acts occurred prior to July 1, 1992.

After a hearing, the trial court granted Buchheit's petition for hardship driving privileges from July 30, 1992 through July 30, 1993. Revenue appeals.

Revenue's sole point on appeal argues the trial court erred in issuing hardship driving privileges to Buchheit because he has not complied with the required waiting periods. Revenue argues the amendments to § 302.309, effective July 1, 1992, should be given retroactive application because doing so would not constitute an unconstitutional retrospective application of the law. We agree.

On July 1, 1992, § 302.309 was amended to prevent a trial court from issuing hardship driving privileges to a person convicted of driving while intoxicated "until the person has completed the first thirty days of a suspension or revocation imposed under this chapter". § 302.309.3(5)(a). In addition, it was amended to prevent a person from receiving hardship driving privileges "[w]hose license has been revoked for the first time for failure to submit to a chemical test ... and who has not completed the first ninety days of such revocation." § 302.309.3(5)(f). Prior to July 1, 1992, § 302.309 made no provision for a waiting period prior to the issuance of hardship driving privileges.

■ Article I, § 13 of the Missouri Constitution prohibits the enactment of any law "retrospective in its operation." Our courts have stated retrospective laws are those " 'which take away or impair vested rights acquired under existing laws, or create a new obligation, impose a new duty or attach a new disability in respect to transactions or considerations already passed.' " *Hoyne v. Prudential Sav. & Loan Ass'n*, 711 S.W.2d 899, 902–03[3, 4] (Mo.App.1986), *quoting State ex rel. St. Louis S.F. Ry. v. Buder*, 515 S.W.2d 409, 410 (Mo. banc 1974), et al.; *See also, Jerry–Russell Bliss v. Hazardous Waste*, 702 S.W.2d 77, 81[4] (Mo. banc 1985). A law is not retrospective unless it impairs some existing, vested right. *Barbieri v. Morris*, 315 S.W.2d 711, 715[4] (Mo.1958); *State Bd. of Registration v. Warren*, 820 S.W.2d 564, 565[4] (Mo.App.1991); *Hoyne*, 711 S.W.2d at 906. A vested right "must be title to present or future enjoyment of property; it is more than just an 'expectation' based on a supposed continuation of past law." *Hoyne*, 711 S.W.2d at 906; *See also, Fisher v. Reorganized School Dist., etc.*, 567 S.W.2d 647, 649[3] (Mo. banc 1978).

■ Our courts have consistently held that a driver's license is not a vested right, but merely a privilege. *Barbieri*, 315 S.W.2d at 714; *State v. Davis*, 745 S.W.2d 249, 250–51[1] (Mo.App.1988). Furthermore, the granting of hardship driving privilege is a matter of grace and "there is no vested right to receive it." *Williams v. Schaffner*, 477 S.W.2d 55, 57[2] (Mo. banc 1972); *See also, True v. Director of Revenue*, 773 S.W.2d 241, 242[1] (Mo.App.1989) ("Hardship driving privileges are granted as a matter of grace and not of right."); *Robinson v. Director of Revenue*, 762 S.W.2d 872, 874–75[7] (Mo.App.1989) (determination of hardship driving privileges is discretionary with the court, not a matter of right). Therefore, the July 1, 1992 amendments did apply retroactively to Buchheit.

Reversed and remanded.

AHRENS, P.J., and REINHARD, J., concur.