Larry L. PORTER, Respondent,

v.

DIRECTOR OF REVENUE, State
of Missouri, Appellant.

No. 63910.

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 26, 1993.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

John Brooks Gourley, Clayton, for respondent.

CRIST, Judge.

On March 13, 1993, Respondent, Larry Porter, filed his petition to obtain hardship driving privileges. He alleged his license was revoked for one year for driving with a blood alcohol content of .13 percent or more and requested hardship driving privileges.

The trial court granted hardship driving privileges and the Director of Revenue (Appellant) now appeals.

On appeal, Appellant contends the trial court incorrectly granted hardship driving privileges to Respondent, because he was ineligible to receive them under §§ 302.309.-3(5)(i) and 302.525.2(2), RSMo Supp.1992. Those statutes provide a driver may not receive hardship driving privileges if his or her license has been revoked for one year because of "prior alcohol related enforcement contacts during the immediately preceding five years." Section 302.525.2(2); § 302.309.-3(5)(i). Respondent has failed to file a brief in this matter.

The record before us indicates the trial court did not consider Respondent's driving record in reaching its decision to grant hardship driving privileges. In his petition, Respondent alleged he had *obtained* a certified copy of his driving record for the proceeding five years. It appears, however, Respondent did not attach his driving record to his petition or file it with the trial court. Respondent's driving record does not appear in the legal file we have received from Appellant. The docket entries do not reveal the driving record was ever filed or a hearing conducted where such driving record was admitted. If a hearing was ever had, no record of these proceedings was made. Further, Respondent did not allege in his petition whether or not he had received prior alcohol related enforcement contacts in the past five years.

On appeal, Appellant supplies a copy of Respondent's driving record. It reveals prior alcohol related enforcement contacts. Even so, without proof the trial court considered this evidence, we cannot reverse on the grounds averred by Appellant. We do, however, reverse and remand because there is no evidence the trial court considered Respondent's extensive driving record before it granted him hardship driving privileges. *See, True v. Director of Revenue,* 773 S.W.2d 241, 243[3] (Mo.App.1989) (court should only grant hardship driving privileges after obtaining adequate information about driver's driving record).

Reversed and remanded for a new hearing on Respondent's application for hardship driving privileges.

CRANDALL, P.J., and REINHARD, J., concur.