STATE ex rel. ST. LOUIS–SAN FRAN-
CISCO RAILWAY COMPANY,
Relator,

v.

The Honorable William E. BUDER, Judge
of the Circuit Court of the City of St.
Louis, Missouri, Respondent.

No. 58663.

Supreme Court of Missouri,
En Banc.

Nov. 12, 1974.

Gerald D. Morris, Gerald J. Harvath,
St. Louis, for relator.

George R. Gerhard, St. Louis, for re-
spondent.

SEILER, Judge.

The sole question for our consideration
is whether or not Sec. 537.090, RSMo 1973
Supp., V.A.M.S., which removes the
$50,000 recovery limitation in wrongful
death actions, is to be applied retrospec-
tively.

Plaintiff's decedent was killed in a
train-automobile collision on September 13,
1972 in Missouri. At that time Sec. 537.-
090, RSMo 1969, V.A.M.S., was in effect
as follows:

"In every action brought under section
537.080, the jury may give to the surviving

**410**

party or parties who may be entitled to sue such damages, not exceeding fifty thousand dollars, as the jury may deem fair and just for the death and loss thus occasioned, with reference to the necessary injury resulting from such death . . ."

Suit for damages for the wrongful death of decedent was filed by the decedent's widow and four minor children on September 1, 1973. On September 28, 1973, new Sec. 537.090 became effective, reading in part, as follows:

"In every action brought under section 537.080, the trier of the facts may give to the party or parties entitled thereto such damages as will fairly and justly compensate such party or parties for any damages he or they have sustained and are reasonably certain to sustain in the future as a direct result of such death . . ."

Subsequent to the effective date of the new section, plaintiffs, by leave, amended the damage paragraph and prayer of their petition from $50,000 to $273,750. Relator-defendant then filed a motion to strike the amended figure; on presentation and argument of the motion, the circuit court, respondent, entered an order denying and overruling relator's motion at a future date to allow relator an opportunity to petition for a writ of prohibition in the Missouri court of appeals, St. Louis district. This petition was denied without opinion. Relator then filed its application for writ of prohibition in this court, which issued a preliminary writ to which respondent made return, and relator now seeks to make the writ absolute.

■ Article I, Sec. 13 of the 1945 Missouri Constitution, V.A.M.S., provides that no ex post facto law, nor law impairing the obligations of contracts nor retrospective in its operation shall be enacted. There are, however, two recognized exceptions to the rule that a statute shall not be applied retrospectively: (1) where the legislature manifests a clear intent that it do so, and (2) where the statute is procedural only and does not affect any substantive right of the parties. See Clark v. Kansas City, St. Louis & Chicago Railroad Co., 219 Mo. 524, 118 S.W. 40 (1909); Darrah v. Foster, 355 S.W.2d 24 (Mo.1962).

As to the first of these exceptions, we can find no clear indication that the legislature intended the statute to apply retrospectively. The respondent contends that the use of the past tense in the statute, which allows compensation for damages "he or they *have sustained*" or may sustain in the future, provides such an indication of legislative intent. This language, however, may also be reasonably construed to provide for damages which accrue between the time of death and judgment, an interpretation entirely consistent with prospective application. We cannot say that the legislature has clearly expressed its intention to the contrary.

■ As to the second exception, that laws which are procedural only may be applied retrospectively, we are faced with an exercise in classification which has frequently proved elusive. Those rights which are substantive and which therefore cannot be applied retrospectively are regularly defined as those which "take away or impair vested rights acquired under existing laws, or create a new obligation, impose a new duty, or attach a new disability in respect to transactions or considerations already passed." Barbieri v. Morris, 315 S.W.2d 711, 714 (Mo.1958), as expressed by Justice Story in Society for Propagation of Gospel v. Wheeler, Fed.Cas.No.13,-156, 2 Gall. 105, 139 (1814).

■ Relator argues that a new disability has been imposed on it by the statute—its assets in excess of $50,000 were previously secure and now are subject to liability—therefore, the law affects substantive rights and cannot be applied retrospectively. Respondent on the other hand contends that the abolition of the dollar limitation goes only to the relator's remedy—the manner of compensation and not the right thereto. Both approaches have logical ap-

peal, but as was said in Theodosis v. Keeshin Motor Express Co., 341 Ill.App. 8, 92 N.E.2d 794, 801 (1950), the differentiation between substance and procedure cannot be made "in terms which require only the application of logic to reach the right conclusion in a particular case."

Courts of other jurisdictions which have been faced with this question have uniformly held that the new statute, whether it changes or abolishes the dollar limit in wrongful death recoveries, should not be applied retrospectively. See 98 A.L.R.2d 1105 and cases cited in Sec. 3 thereof.

 It is best to keep in mind that the underlying repugnance to the retrospective application of laws is that an act or transaction, to which certain legal effects were ascribed at the time they transpired, should not, without cogent reasons, thereafter be subject to a different set of effects which alter the rights and liabilities of the parties thereto. Merely to label certain consequences as substantive and others as procedural does not give sufficient consideration to this principle, and notions of justice and fair play in a particular case are always germane. Here the relator's acts at the time of commission were subject to liability not to exceed $50,000. The legislature subsequently removed this limitation and defendants in wrongful death actions are now exposed to unlimited liability. The previous monetary ceiling was not a legislative determination of the value of a human life. Huffman v. Mercer, 295 S.W.2d 27, 35 (Mo.1956); Crowder v. Gordon's Transports, Inc., 419 F.2d 480, 483 (8th Cir. 1969). It operated to protect defendants from verdicts in excess of a certain maximum. The decision to eliminate this protection cannot justly be applied to acts which occurred when the protection was afforded, and we decline to do so.

The preliminary writ in prohibition is made absolute.

All of the Judges concur.