EDITH W. MOREHEAD, Plaintiff-Appellant, *v.* BONNIE L. PEYTON, Defendant-Appellee.

Fifth District   No. 79-59

Opinion filed July 13, 1979.

810

Roy Eugene Clark, of Clark Law Offices, of Mt. Vernon, for appellant.

John E. Jacobsen, of Campbell, Furnall, Moore and Jacobsen, of Mt. Vernon, for appellee.

Mr. JUSTICE KUNCE delivered the opinion of the court:

The plaintiff appeals from a judgment entered by the Circuit Court of Jefferson County on a jury verdict for the defendant in a personal injury action.

On May 18, 1974, around noon, the plaintiff was a passenger in a 1969 pickup truck driven by her husband. The truck was stopped on a highway waiting for a train to pass when it was suddenly, without warning, struck in the rear by a car driven by the defendant. Upon impact, the plaintiff's head hit the rear window of the truck. There was minor damage to both vehicles.

It appears from the evidence that as the train cleared the highway, both vehicles commenced to proceed forward. When the defendant put her vehicle into gear, her car lunged forward. The defendant admitted to a mechanical malfunction in her car which she knew about before the collision and which she described as a "nasty habit of sticking once in a while in the fast idle." She also testified that she did not honk her horn or apply her brakes prior to the impact.

The plaintiff was taken to the hospital emergency room where she was examined by a doctor, X-rayed, and admitted. She remained hospitalized until June 3, 1974. Her symptoms were numbness, headaches, stiffness and tingling in her arm, back and leg. She was treated by several physicians, specialists, and chiropractors and received therapy treatments. Several medical chiropractic experts testified that to a reasonable degree of medical certainty the collision was the competent producing cause of the symptoms and injury they found in the plaintiff and that the plaintiff would require future medical care in connection with the injury.

■█ The plaintiff argues that following the close of all the evidence, the trial court should have directed a verdict in her favor on the question of liability. We agree. Having reviewed the record, we hold that this is one of "those cases in which all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand. "(*Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 510, 229 N.E.2d 504.) The evidence conclusively established that the plaintiff was exercising

ordinary care for her own safety, that the defendant was negligent, and that such negligence proximately caused the collision resulting in injury to the plaintiff. It is obvious that the defendant was following plaintiff's vehicle too closely, failing to keep a proper lookout ahead, and/or knowingly driving a vehicle in an unsafe condition.

There was some evidence that while defendant was stopped behind the plaintiff's truck and after the train had passed the highway, plaintiff's truck started forward and at the same time the defendant released her brakes, she observed the truck's brake lights come on. She contends that this evidence should have gone to the jury to consider in passing upon the question of whether or not the defendant was negligent. We view this as infinitesimal evidence of the defendant's freedom from negligence and, even when viewing that evidence as it might be most favorable to the defendant, we are of the opinion that the evidence as a whole so overwhelmingly favors the plaintiff that the trial court should have directed a verdict for her on the question of the defendant's liability.

In a similar case, we recently observed,

> "In light of general experience and common knowledge, the evidence before us reveals that the defendant was not attentive while driving and therefore, negligent. A driver approaching from the rear has a duty to keep a safe lookout and he must take into consideration the fact that he may be required to stop or slow his vehicle suddenly. [Citations.] Furthermore, if he does not maintain a proper lookout for traffic ahead he is negligent. [Citation.]" *Burroughs v. McGinness* (1978), 63 Ill. App. 3d 664, 667, 380 N.E.2d 37, 39.

The plaintiff also raises arguments alleging erroneous rulings by the trial court with respect to jury instructions. With one exception, we affirm the trial court, finding that his rulings do not constitute an abuse of discretion in instructing the jury. We do hold, however, that the plaintiff's instruction number 18 which related to future medical expenses should have been given. The trial court recalled no medical evidence that there would have to be future medical treatment. Our review of the medical and chiropractic evidence reveals that several expert witnesses testified that the plaintiff would require future medical services.

Accordingly, we reverse the trial court's denial of the plaintiff's motion for a directed verdict on the question of liability and remand this cause for trial on the question of damages.

Reversed and remanded.

G. MORAN, P.J., and JONES, J., concur.