Dear Mr. Holmes:
This opinion is in response to a question from your office asking whether a member of the General Assembly whose term of office expired on January 3, 1979, and who is presently retired and receiving benefits from the Public School Retirement System of Missouri, is eligible to receive retirement benefits from the State of Missouri as a result of the passage of Senate Bill No. 497, 79th General Assembly which became effective on January 1, 1979.
You have also asked whether our conclusion with respect to your question would also apply to other "members" of the system.
Senate Bill No. 497 which was passed by the Second Regular Session of the 79th General Assembly and signed by the Governor, provided in part for the repeal of § 104.310, RSMo Supp. 1975, and enacted in lieu thereof a new section relating to the same subject matter, with an effective date of January 1, 1979. In this regard, the term "employee" was previously defined in part in subsection 15 of § 104.310, RSMo Supp. 1975, as follows:
 `Employee', any elective or appointive officer or employee of the state who is employed by a department and earns a salary or wage in a position normally requiring the actual performance by him of duties during not less than one thousand five hundred hours per year, including each member of the general assembly, but not including any employee who is covered under some other retirement or benefit fund to which the state is a contributor; . . . (Emphasis added.)
Thus, under the above statutory provision this office has previously held in Attorney General Opinion No. 39, Henry, 5/15/61 and Attorney General Opinion Letter No. 12, Noland, 5/26/69 that a member of the General Assembly who was covered by the retirement or benefit fund of the Public School Retirement System of Missouri created under §§ 169.010 to 169.130, RSMo 1959, either as a contributing member of the system or as a retired beneficiary of the fund, was excluded from the definition of employee in subsection 15 of § 104.310, RSMo 1959, and therefore could not become a member of the Missouri State Employees' Retirement System.
Subsection 15 of § 104.310 as set forth in Senate Bill No. 497 which changed the definition of "employee" was subsequently repealed and reenacted without change in Senate Bill No. 1 which was passed by the first regular session of the 80th General Assembly and signed by the Governor and became effective on September 28, 1979. See Laws of Missouri, 1979, p. 293. As a result, subsection 15 of § 104.310, RSMo Supp. 1979, provides in part as follows:
`Employee':
 (a) Any elective or appointive officer or employee of the state who is employed by a department and earns a salary or wage in a position normally requiring the actual performance by him of duties during not less than one thousand five hundred hours per year, including each member of the general assembly, but not including any employee who is currently accumulating benefits under some other retirement or benefit fund to which the state is a contributor; . . . (Emphasis added.)
With the foregoing legislative history in mind, there is authority to support the proposition that the primary rule in statutory construction is to ascertain and give effect to legislative intention. Missouri Pacific Railroad Co. v. Kuehle,482 S.W.2d 505 (Mo. 1972). In determining the legislative intent, it has been pointed out that since the legislature is presumed to know the prior construction of the original act, an amendment substituting a new phrase for one previously construed, generally indicates that a different interpretation should be given the phrase since the interpretation given the old phrase no longer expresses the legislative will. Salitan v. Carter, Ealey andDinwiddie, 332 S.W.2d 11 (Mo.App., K.C. 1960). In addition, there is authority for the proposition that a change in a statute is ordinarily intended to have some effect and the legislature will not be charged with having done a meaningless act. State exrel. Thompson-Stearns-Roger v. Schaffner, 489 S.W.2d 207 (Mo. 1973). As a result, it is our view that the legislature intended that the phrase "but not including any employee who is currently accumulating benefits under some other retirement or benefit fund to which the state is a contributor" to refer to those individuals who are actively participating in other retirement plans to which the state is a contributor; such as the Public School Retirement System of Missouri. It is also our view that the phrase in question does not refer to those individuals who are only receiving retirement benefits from a retirement system to which the state is a contributor.
It is a well established principle of statutory construction that a statute should not be applied retroactively except where the legislature manifests a clear intent to do so or where the statute is procedural only and does not affect any substantive right of the parties. State ex rel. St. Louis-San Francisco Ry. Co. v.Buder, 515 S.W.2d 409 (Mo. banc 1974) and State ex rel. Breshears
v. Missouri State Employees' Retirement System, 362 S.W.2d 571
(Mo. banc 1962). Therefore, we view the provision in question as prospective only to be applied beginning January 1, 1979.
The conclusions we reach are applicable to both legislator members and other members of the system.
Therefore, it is our view that the member of the General Assembly to whom you refer would not be entitled to receive retirement benefits from the Missouri State Employees' Retirement System for the reason that the statute in question is not retroactive. Clearly, this member has not accumulated sufficient credits to qualify for retirement. Section 104.366, RSMo.
CONCLUSION
It is the opinion of this office that the provisions of subsection 15 of § 104.310, RSMo Supp. 1979, relating to the definition of "employee" insofar as the Missouri State Employees' Retirement System laws are concerned and providing that the word "employee" does not include any employee who is currently accumulating benefits under some other retirement or benefit fund to which the state is a contributor is not retroactive but is applicable beginning January 1, 1979. Such provisions allow certain persons to come within the definition of "employee" and to receive membership credit beginning January 1, 1979, if they are not accumulating benefits in another system to which the state is a contributor.
The foregoing opinion which I hereby approve, was prepared by my Assistant, B. J. Jones.
Very truly yours,
 JOHN ASHCROFT Attorney General