Steven T. GEISER,
Plaintiff-Respondent,

v.

BURLINGTON NORTHERN
RAILROAD COMPANY,
Defendant-Appellant.

No. 50782.

Missouri Court of Appeals,
Eastern District,
Division Four.

Dec. 23, 1986.

Daniel M. Buescher, St. Louis, for plaintiff-respondent.

David J. Mullett, Robert W. Bosslet, Granite City, Ill., Douglas P. Dowd, St. Louis, for defendant-appellant.

GARY M. GAERTNER, Presiding Judge.

Respondent, a switchman/brakeman employed by appellant, injured his back while working in the company's West Quincy, Missouri railroad yards on May 16, 1980. He brought suit under the Safety Appliance Act, 45 U.S.C.A. § 11. Following a jury verdict in respondent's favor and a judgment for $470,000, appellant brought this appeal.

Appellant claims that the trial court erred in: submitting the case under the Safety Appliance Act; overruling appellant's motion for a continuance or to strike respondent's pleadings; allowing an amendment to respondent's prayer for damages on the date of trial; and submitting a certain instruction. Finding these points to be without merit, we affirm.

The uncontroverted facts indicate that respondent had been employed by appellant since 1973 and was working the evening shift as a switch foreman at the time of the occurrence. His job was to switch cars and put together a train for the road crew to take out. Specifically, respondent and an assistant walked on either side of the railroad cars and connected air lines and took off or loosened hand brakes. During his inspection of the train, respondent noted that a certain car needed its hand brake released. His attempts to release the brake were unsuccessful, as were those of his assistant. The yardmaster was informed of the malfunctioning hand brake and he told respondent to "leave it go" and that he would try to have the road crew work on it. A conductor, who was present when respondent informed the yardmaster of the problem, advised respondent of a method for releasing the hand brake. Respondent and his assistant later returned to the disabled car and tried to release the hand brake following the conductor's suggestion. Respondent felt a sharp pain in his back as he struggled with the hand brake. The brake was released eventually and the car was repaired at the train's next stop. Respondent's back pain has persisted since this occurrence to such an extent that he left his job with the railroad.

The gist of appellant's first point is that the Safety Appliance Act is inapplicable in this case because respondent was not in the discharge of his duty at the time of the injury. Specifically, appellant argues that the yardmaster's statement to "leave [the brake] go" amounted to an order, which, if disregarded, absolved the railroad of any liability to respondent.

The Safety Appliance Act makes it unlawful for appellant to haul, or permit to be hauled or used on its line, any car not equipped with efficient hand brakes. 45 U.S.C.A. § 11. The inefficiency of a hand brake may be shown either by its defective condition or its defective functioning. *Myers v. Reading Co.*, 331 U.S. 477, 483, 67

S.Ct. 1334, 1338, 91 L.Ed. 1615 (1947); *Sprankle v. Thompson*, 243 S.W.2d 510, 517 (Mo.1951). Under the Safety Appliance Act, a railroad's liability springs from the unlawful use of cars with prohibited, defective equipment, and is not concerned with "the position the employee may be in, or the work which he may be doing at the moment when he is injured." *Louisville & Nashville R.R. Co. v. Layton*, 243 U.S. 617, 37 S.Ct. 456, 457, 61 L.Ed. 931 (1917). *See also, Coray v. Southern Pac. Co.*, 335 U.S. 520, 523, 69 S.Ct. 275, 276–77, 93 L.Ed. 208 (1949); *Warning v. Thompson*, 249 S.W.2d 335, 340 (Mo.1952). If the defective equipment is either the sole or a contributing factor in causing the injury, the railroad is liable. *Coray*, 69 S.Ct. at 277; *Warning*, 249 S.W.2d at 340.[1]

Appellant's theory that it is without liability because respondent was injured after being told by his supervisor to "leave it go" misstates the legal issue before us.[2] At issue is whether appellant hauled or permitted to be hauled on its line a car that lacked an efficient hand brake. If so, the Safety Appliance Act imposes absolute liability on the railroad. *Myers v. Reading Co.*, 331 U.S. 477, 485, 67 S.Ct. 1334, 1339, 91 L.Ed. 1615 (1947). The application of the Safety Appliance Act was appropriate because a jury could reasonably infer from the facts that the hand brake was inefficient and that its inefficiency caused or contributed to respondent's injury. *Myers*, 331 U.S. at 482, 67 S.Ct. at 1338. *See also, Buskirk v. Burlington Northern, Inc.*, 103 Ill.App.3d 414, 59 Ill.Dec. 125, 127, 431 N.E.2d 410, 412 (1982) *cert. denied*, 459 U.S. 910, 103 S.Ct. 217, 74 L.Ed.2d 173 (1982); *Warning v. Thompson*, 249 S.W.2d 335, 340 (Mo.1952). This point is denied.

Appellant's second point on appeal is that the trial court erred in overruling its motion for a continuance or to strike respondent's pleadings. Appellant contends that it was prejudiced when respondent failed to comply with its request for a medical authorization to contact and conduct an *ex parte* interview with Dr. L.W. Bader, one of respondent's physicians.

The record indicates that respondent executed medical authorizations for appellant 15 months before trial. These authorizations were executed in accordance with the then-prevailing law, which did not permit *ex parte* interviews. *See State ex rel. Stufflebam v. Appelquist*, 694 S.W.2d 882, 886–88 (Mo.App., S.D.1985). When the law regarding medical authorizations for *ex parte* interviews changed shortly before trial, the court ordered respondent to execute the authorizations pursuant to *Stufflebam*, but denied appellant's requests for sanctions or a continuance.

The trial court has broad discretion in the granting of continuances and the imposition of sanctions. *Collins v. Director of Revenue*, 691 S.W.2d 246, 254 (Mo. banc 1985); *Sonderman v. Maret*, 694 S.W.2d 864, 866 (Mo.App., E.D.1985). The record reflects the fact that appellant had access to respondent's physicians' medical records prior to trial and appellant has failed to demonstrate any prejudice from the lack of an *ex parte* interview with Dr. Bader. Finding no abuse of discretion on the part of the trial court, this point is denied.

---

1. Appellant does not contend that the sole cause of the injury was respondent's negligence. Consequently, the submission of an instruction on negligence is unnecessary. *See Beimert v. Burlington Northern, Inc.*, 726 F.2d 412 (8th Cir. 1984) *cert. denied* 467 U.S. 1216, 104 S.Ct. 2659, 81 L.Ed.2d 365 (1984); *Miller v. Gulf, M. & O.R.R. Co.*, 386 S.W.2d 97 (Mo.1964).

2. Appellant attempts to distinguish between "scope of employment" and "discharge of duty" in order to find respondent outside the protection of the Safety Appliance Act. Its reliance on *Chicago, St. P., M. & O.R. Co. v. Arnold*, 160 F.2d 1002 (8th Cir.1947) (a FELA action where an employee was warned by another employee of specific dangers) is ill-placed. In the instant case, respondent was employed by appellant as a switchman/brakeman, he was working a regular shift at the time of injury, his duties included releasing hand brakes on cars, and he was injured while trying to release a hand brake. Respondent was within the class of persons to be protected by the Safety Appliance Act. *Louisville & Nashville R.R. Co. v. Layton*, 243 U.S. 617, 37 S.Ct. 456, 457, 61 L.Ed. 931 (1917).

Appellant next claims that the trial court erred in permitting respondent to amend his prayer from $400,000 to $850,000 on the day the trial began. Appellant asserts that the untimeliness of the amendment prevented it from investing additional time and resources into a case which suddenly carried the risk of a potentially higher cost or from making informed decisions about settlement offers.

The rules of procedure provide that leave to amend pleadings "shall be freely given when justice so requires." Rule 55.33(a); *Bohrmann v. Schremp,* 666 S.W.2d 30, 32 (Mo.App., E.D.1984). The trial court has broad discretion to allow the amendment of a pleading to alter the prayer for damages even after the trial has commenced. *Sparks v. Consolidated Aluminum Co.,* 679 S.W.2d 348, 353 (Mo.App., E.D.1984). The trial court's ruling will not be overturned unless this discretion is clearly abused. *Jordan v. Robert Half Personnel, Etc.* 615 S.W.2d 574, 580 (Mo.App., W.D. 1981).

In the instant case, respondent's motion to amend the prayer for damages was based on his medical condition and did not inject new issues or causes of action or require appellant to explore additional defenses. *Sims v. Freeman,* 641 S.W.2d 197, 199 (Mo.App., S.D.1982). Appellant did not claim surprise or seek a continuance in response to the motion to amend, but only objected generally. *Browder v. Milla,* 296 S.W.2d 502, 508 (Mo.App., E.D.1956). Under the circumstances, we find that the trial court did not abuse its discretion. Appellant's third point is denied.

Finally, appellant argues that the court erred in submitting the damage instruction, Instruction 8, to the jury.[3] Appellant contends that the trial court erred in giving the instruction because it does not confine the jury's consideration to damages which result *directly* from the occurrence in question and misstates the law of damages in Federal Employer Liability Act (FELA) cases.

The Missouri Supreme Court has determined that MAI 8.02 is the appropriate damage instruction in this type of case. *Bair v. St. Louis-San Francisco Ry. Co.,* 647 S.W.2d 507, 510 (Mo. banc 1983), *cert. denied sub nom. Burlington Northern, Inc. v. Bair,* 464 U.S. 830, 104 S.Ct. 107, 78 L.Ed.2d 109 (1983). This court is bound by the Supreme Court Rules and its decisions that mandate the use of applicable instructions. *Marshell v. Burlington Northern, Inc.,* 637 S.W.2d 168, 169 (Mo.App., E.D. 1982). Appellant's fourth point is denied.

The judgment of the trial court is affirmed.

STEPHAN and SIMON, JJ. concur.

---

**3.** In the instant case, MAI 8.02 was modified and used as Instruction Number 8 as follows:

If you find the issues in favor of Plaintiff, then you must award Plaintiff such sum as you believe will fairly and justly compensate Plaintiff for any damages you believe he sustained and is reasonably certain to sustain in the future as a result of the occurrence of May 16, 1980. Any award you make is not subject to income tax.