Laurie STEWART,
Plaintiff/Respondent,

v.

Jay L. STURMS and Thomas C.
Paynter, Defendants/Appellants.

No. 54680.

Missouri Court of Appeals,
Eastern District,
En Banc.

Dec. 19, 1989.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Feb. 6, 1990.

Application to Transfer Denied
March 13, 1990.

Denis C. Burns, St. Louis, for Sturms.

James B. Kleinschmidt, St. Louis, for Paynter.

Drew C. Baebler, St. Louis, for Stewart.

SATZ, Judge.

This case is the consolidation of appeals by two defendants of a $150,000.00 judgment for plaintiff in her action for personal injuries arising from the collision of defendants' vehicles. In Division, we affirmed the judgment. Defendants' motions for rehearing were granted. After oral argument before the Court en banc, we affirm.

On October 27, 1984, plaintiff, Laurie Stewart, was riding as a passenger in defendant Thomas Paynter's (Paynter) vehicle. Paynter's vehicle collided with defendant Jay Sturms' (Sturms) vehicle. On January 18, 1985, plaintiff filed a petition for personal injuries against both defendants, seeking $50,000.00 as damages. At that time, § 509.050 RSMo 1978 and parallel Rule 55.05 required a plaintiff seeking money damages for tortious injuries to plead the amount of money sought. In 1987, the statute was amended to eliminate the need to plead a specific dollar amount for tortious injuries but required the prayer to be "for such damages as are fair and reasonable." § 509.050 RSMo 1987 (Supp). The effective date of the amended statute was July 1, 1987. § 509.050 RSMo 1987 (Supp). The bill enacting this change provided that § 509.050 "shall apply to all causes of action accruing after the effective date...." § 45, L.1987, H.B. 700.

Rule 55.05 was amended in May, 1987 and its amendment tracked the amendment of the statute. Rule 55.05. The effective date of the amended Rule was January 1, 1988, with the notation that it might be followed after July 1, 1987.

The trial of this case began on January 6, 1988. During the first half of plaintiff's closing argument, she did not mention a dollar amount for damages, and, on defendants' motion, she was prevented from doing so in the closing half of her argument. The jury returned a verdict for plaintiff against both defendants in the amount of $150,000.00. It assessed fault: 78% against defendant Sturms and 22% against defendant Paynter.

Both defendants objected to the verdict on the ground that it was in excess of the prayer. Plaintiff responded by moving to amend her prayer from $50,000.00 to a prayer for $150,000.00 or to a prayer for "such damages as are fair and reasonable." The court, thus, was confronted with a conflict between Rule 55.05, which facially permitted plaintiff's request, and § 509.050 RSMo 1987 (Supp), which facially operated prospectively only, and, thus, facially prohibited plaintiff's request. The court heard plaintiff's motions, accepted the $150,000.00 verdict and entered judgment in that amount in favor of plaintiff, without indicating which of plaintiff's motions it was granting. The trial court correctly noted that the characterization of and the procedural differences in plaintiff's alternative motions were not determinative. Defendants raised the same objections to the verdict, along with other assertions of error, in their respective motions for a new trial. These motions were denied. The now consolidated appeals followed.

From the record it appears that both defendants were represented by counsel designated by their respective insurers.

Defendants Sturms' policy limits, apparently, were $25,000.00.

Both defendants make several attacks on the entry of the $150,000.00 judgment against them. A number of those attacks are common to both defendants. We address those arguments first.

In their respective Motions for Rehearing in this Court, defendants characterize plaintiff's pleading of $50,000.00 damages as an allegation of fact, rather than as a prayer for relief. This allegation of fact, defendants contend, bound and limited plaintiff to this amount of damages and, therefore, the verdict received and the judgment entered for $150,000.00 were "void".

Paragraph 2 of plaintiff's petition recites a litany of personal injuries, pleads "the sum of about $3,000.00 to date" in lost wages and "the sum of about $7,500.00 to date" for "medical attention", and, then, in the last sentence, states:

> [plaintiff] has suffered and will suffer pain, all to her injury and damage in the sum of Fifty Thousand Dollars ($50,000.00), for which sum ... [plaintiff] prays judgment against defendant. (See Appendix)

In Division, we read this last sentence as plaintiff's prayer for relief. This was not a startling or strained reading. It was the interpretation made and the characterization used, repeatedly and consistently, by the trial court and *all* counsel in their extensive discussion of the $150,000.00 verdict returned by the jury. Thus, a partial example of this colloquy shows:

> [Sturms' Counsel] Judge, at this time I would ask that the Court reduce the verdict to $50,000, which is the amount that the *prayer* in the—to conform to the petition, which is the amount of the prayer in the petition.
>
> [Paynter's Counsel] I would join in that request.

....

> [Sturms' Counsel] Okay. Just so the record is—that is to reduce it in accordance with the amount of the *prayer* in the amended [petition], which is $50,000.

....

> [The Court] [T]he Court was absent during the deliberations by the jury this morning.... [I]n the Court's absence Judge Drumm accepted the verdict ... deferring ... an ultimate decision ... to this division to finally enter verdict and judgment, because of the problems arising with the result being three times what the *prayer* was.

....

> [Plaintiff's Counsel] Plaintiff previously requested leave from this Court to amend plaintiff's *prayer....* (Emphasis added)

■ True to their interpretation at trial, both defendants referred to the pleaded $50,000.00 as a "prayer" for relief in their respective motions for a new trial and never characterized this pleading as an allegation of fact. In these motions, defendants asserted the trial court error to be the entry of a $150,000.00 judgment which exceeded the $50,000.00 of plaintiff's "prayer". Thus, the issue of whether plaintiff is bound by an allegation of fact was not raised in defendants' motions for a new trial, and, therefore, this issue was not preserved for appeal. E.g. *State v. Northup*, 367 S.W.2d 512, 514 (Mo.1963).

■ Moreover, neither defendant raised this issue as a Point in his appellate brief. Our review is limited to those issues presented in defendant's Points. *E.g. Smith v. Welch*, 611 S.W.2d 398, 399 (Mo. App.1981). Admittedly, in his initial brief, Sturms did make the general argument that:

A pleader is bound by the allegations of his Petition.[1] This argument, however,

---

1. This argument continues:
   Having made the averment that she was injured in the amount of fifty thousand dollars ($50,000.00), [Plaintiff] is therefore bound by

this allegation. The power of a court, is "limited to the claims for relief and issues made by the pleadings, and a judgment or order not so limited is void." ... "A court may not,

was made in the last paragraph under Sturms' Point III which reads:

> [Plaintiff's] Amendment of the Prayer Following Judgment is Void, Because Rule 55.33(a) and (b) Do Not Apply, And A Judgment May Not Exceed The Amount Prayed For in the Petition.

We are not obligated to search through Sturms' arguments for issues other than those articulated in his Points. *E.g. Abney v. Farmers Mutual Ins. Co. of Sikeston,* 608 S.W.2d 576, 578 (Mo.App.1980).

■ It is not until his Reply Brief that Sturms properly presents and develops an argument claiming that plaintiff's pleaded $50,000.00 is as an allegation of fact, rather than a prayer for relief. However, an assignment of error made for the first time in a reply brief does not preserve that issue for review. *Kessler v. Kessler,* 719 S.W.2d 138, 140 (Mo.App.1986).

■ More important, perhaps, construing the pleaded $50,000 as a binding allegation of fact rather than as the prayer required by Rule 55.05 elevates form over substance. As noted, the reference to $50,000 appears as a prayer at the conclusion of plaintiff's petition:

> "[plaintiff] has suffered and will suffer pain, all to her injury and damage in the sum of $50,000, for which sum ... [plaintiff] *prays* judgment against defendant." (Emphasis added).

In almost every context, we construe a plaintiff's petition liberally, in favor of the plaintiff, *Burgess v. Sweet,* 662 S.W.2d 916, 918 (Mo.App.1983), regardless of the form of the petition. *Scantlin v. City of Pevely,* 741 S.W.2d 48, 50 (Mo.App.1987). Rule 55.05 requires all petitions to include a "demand for judgment for the relief to which [the pleader] deems himself entitled." Former Rule 55.05, in effect when plaintiff filed her petition, required the request for damages in tort cases, other than medical malpractice cases, to specify the amount of damages sought. Plaintiff's petition contains no demand other than her pleaded $50,000. To us, it is clear that plaintiff intended and defendants regarded the pleaded $50,000 in damages as the prayer required by former Rule 55.05.

■ Sturms also argues the application of Rule 55.05 to a cause of action accruing before July 1, 1987 violates his rights guaranteed by Art. V, § 5 and Art. 1, § 13 of the Missouri Constitution. This argument is based upon the distinction between substantive and procedural rights. Sturms points out that plaintiff's original prayer for $50,000.00 as damages was in compliance with the provisions of § 509.050, RSMo 1978, requiring money damages for tortious injuries to be prayed for in specific dollar amounts. This prayer, along with plaintiff's factual allegations, Sturms contends, determined his decisions on "trial strategy, settlement negotiations, discovery, and [his] right ... to employ additional counsel...." Sturms characterizes these decisions as the exercise of his substantive rights, and, he argues, to permit plaintiff to change her prayer destroys the meaning and effect of his decisions, thus, nullifying his substantive rights. Therefore, he contends, the change in the prayer violates both Article V, § 5 of our Constitution, which prohibits procedural rules from changing substantive rights, and Article I, § 13, which prohibits the enactment of a law which changes vested substantive rights. This argument is misdirected and, thus, misses the mark.

Article V, § 5 of our State Constitution empowers our Supreme Court to "establish rules relating to practice, procedure and pleadings ..." so long as the rules do "not change substantive rights." Article I, § 13, of the Constitution prohibits the enactment of a law "retrospective in its operation." Retrospective laws have been defined "as those which 'take away or impair vested rights acquired under existing laws, or create a new obligation, impose a new duty, or attach a new disability in respect to transactions or considerations already passed.'" *State ex rel. St. Louis–San*

---

without the consent of all persons affected, enter a judgment which goes beyond the

claim asserted in the pleadings."....

*Francisco Ry. Co. v. Buder*, 515 S.W.2d 409, 410 (Mo. banc 1974).

"Retrospective" and "retroactive", at times, are used interchangeably. In law, however, they are not congruent. *See, State v. Thomaston*, 726 S.W.2d 448, 459–60 (Mo.App.1987). A statute "is said to be retroactive 'only when it is applied to rights acquired prior to its enactment.'" *Barbieri v. Morris*, 315 S.W.2d 711, 714 (Mo.1958). But, a statute which does not take away or impair a "vested right" or impose a new or greater duty is not retrospective merely because it relates to prior facts or transactions. *Id.* More important, perhaps, a statute which is procedural only and which does not affect any existing substantive right or its correlative duty does not fall within the ban against retrospective laws. *E.g., Danaher v. Smith*, 666 S.W.2d 452, 455 (Mo.App.1984). Thus, if the law is procedural only, it applies to all actions whether accrued or commenced before or after the enactment of the provision in question. *E.g., State v. Kummer*, 741 S.W.2d 285, 289 (Mo.App.1987).

The requirement for pleading damages in § 509.050 RSMo 1987 (Supp) and in Rule 55.05, in issue here, is procedural only. Substantive law creates and defines the elements of a claim and, in turn, creates and defines the substantive rights and duties of the parties to that claim.[2] *Wilkes v. Missouri Highway Transp. Comm'n.*, 762 S.W.2d 27, 28 (Mo. banc 1988). Procedural law prescribes the method of enforcing those rights or obtaining redress for the breach of those duties. *Id.*

Plaintiff sued defendant Sturms for a negligent tort. Duty, breach and injury are elements of this tort. See MAI Chap. 17. Sturms was not liable until and unless plaintiff proved these elements. To change the substantive legal relations between plaintiff and Sturms would necessitate elimination of one of these elements or the addition of a new element, which would, in turn, change the scope of plaintiff's rights and the scope of Sturms' correlative duties. By permitting a plaintiff to request his or her damages as those which are "fair and reasonable" instead of a specific dollar amount, the change simply changed the method for processing the unchanged rights and duties of plaintiff and Sturms.

Moreover, our Supreme Court expressly recognizes this kind of change to be procedural. As noted, Article V, § 5 of our Constitution empowers the Supreme Court to promulgate Rules which are inconsistent with statutes so long as the Rule does not change substantive rights. In Rule 41.02, the Court states:

> Rules 41 to 101, inclusive, are promulgated pursuant to authority granted this Court by Section 5 of Article V of the Constitution of Missouri and supersede all statutes and existing court rules inconsistent therewith.

Rule 41.02 only makes sense if the change in question to Rule 55.05, a Rule between Rule 41 and 101, is a procedural change. This is simply another recognition that the prayer technically constitutes no part of the petition proper and, thus, cannot limit the relief which a court may grant. *McMenamy v. Main*, 686 S.W.2d 874, 876 (Mo. App.1985).

Sturms relies on *State ex rel. St. Louis–San Francisco Ry. Co. v. Buder, supra*, to support his argument. His reliance is misplaced.

*Buder* was a wrongful death case. At the time the death occurred, § 537.090, RSMo 1969, limited the recovery to $50,-000.00. This limitation was removed by amendment in 1973. Plaintiff then moved to amend his prayer from $50,000.00 to $273,750.00. In denying this motion, the

---

**2.** The legal relations between any two persons created by substantive law are frequently numerous and complex and are not limited to rights and duties. Professor Wesley N. Hohfeld arranged these legal relations in the following pairs of "correlatives" and "opposites":

Correlatives

| right | privilege | power | immunity |
|-------|-----------|-------|----------|
| duty | no-right | liability | disability |

Opposites

| right | privilege | power | immunity |
|-------|-----------|-------|----------|
| no-right | duty | disability | liability |

*Corbin, Legal Analysis and Terminology*, 29 Yale L.J. 163, 166 (1919).

Court acknowledged its difficulty in classifying the removal of the $50,000.00 limit as effecting either a substantive or procedural change. This difficulty in classification, the Court said, cannot be resolved by pristine logic alone but may be resolved by keeping in mind that

> the underlying repugnance to the retrospective application of laws is that an act or transaction, to which certain legal effects were ascribed at the time they transpired, should not, without cogent reasons, thereafter be subject to a different set of effects which alter the rights and liabilities of the parties thereto.
>
> Merely to label certain consequences as substantive and others as procedural does not give sufficient consideration to this principle, and notions of fair play in a particular case are always germane. *Id.* at 411.

This common sense approach is, obviously, unassailable. A common sense approach to the facts here, however, demonstrates the difficulty of classification in *Buder* is not present here.

Prior to the removal of the $50,000.00 limit in *Buder,* the defendants' assets in excess of that amount were secure and not subject to liability. No prayer of the plaintiff there could have changed that. Here, prior to the change in the method of praying for damages, there was no limit to the amount of Sturms' assets which could be subject to liability. Plaintiff's prayer merely notified Sturms of her evaluation of damages in a specific dollar amount because she was required to do so. Plaintiff, however, could vary that amount as she wished. After the date the method of praying for damages was changed—July 1, 1987, permissively, or January 1, 1988 mandatorily—plaintiff could have moved to amend her prayer to request "fair and reasonable damages" and this motion would be granted, subject to Sturms' request for a continuance of the trial date based upon a demonstrated need for the continuance. Sturms does not and cannot sensibly contend otherwise. Plaintiff's change of her

prayer would have been permitted simply because it was a procedural request. If the change in her prayer changed the rights, duties or liabilities of Sturms, it could not have been granted, even with a continuance.

■ This is not to say the possible prejudice worked against Sturms by the entry of a judgment greater than plaintiff's prayer is not a relevant consideration. It is. But, this issue of prejudice must be framed in its proper context. The entry of a $150,000.00 judgment in favor of plaintiff was, in effect, an amendment to plaintiff's prayer after trial. The possible prejudice of this procedural change is raised by Sturms in another of his arguments. In this argument, Sturms contends the amendment to plaintiff's prayer is prohibited by Rule 55.33. This argument is relevant but unpersuasive.

■ Rule 55.33(a) and (b) permit amendments of the pleadings. The factors for the court to consider before permitting an amendment are the hardship to the moving party if the required request is denied, the reasons for failure to include the new matter in the designated pleadings and the injustice caused the opposing party if the request is granted. A parallel restriction, relevant here, is found in Rule 41.06 which provides that Rules 41 to 101 shall govern all proceedings in actions pending at the time the Rules become effective, "except to the extent that in the opinion of the court their application in a particular action pending when the Rules take effect would not be feasible or would work injustice, in which event the former procedure applies."

The trial court expressly recognized the issue of possible prejudice created by these Rules. Thus, in determining whether to accept the $150,000.00 verdict as a proper verdict, the court stated:

> The real issue is can and should the Court accept the verdict as being fair and just under the circumstances and does the Court have the power to do so. That's the issue I must address.[3]

> [The] ultimate issue is: Can the Court enter and should the Court enter [a] $150,000 judg-

---

**3.** The more complete statement of the court was:

In accepting the $150,000.00 verdict and, thus, implicitly determining that the acceptance was "fair and just," the court obviously was aware the jury had no knowledge of the dollar amount placed on plaintiff's injuries by any of the parties. The amount of the prayer was not mentioned at any time during trial and neither plaintiff nor defendants argued their respective evaluations to the jury.[4] Since the arguments for damages were made without reference to dollar amounts, the court concluded no prejudice could have been worked by the arguments. The court recognized that, in a jury tried tort action, the determination of the amount to be awarded for personal injuries is a matter for the jury, with the jury determining the credibility of the witnesses and the weight and value to be given to their testimony. *Long v. Hooker*, 443 S.W.2d 178, 182 (Mo.1969). The trial court also recognized that leave to amend pleadings should be freely granted when justice so requires. *See, Geiser v. Burlington Northern R.R. Co.*, 722 S.W.2d 122, 125 (Mo.App.1986); Rule 55.33.

Sturms' argument that his "right to exercise" a choice of "trial strategy, settlement negotiations and discovery" was nullified is not persuasive. We are bound by the record, as was the trial court. Sturms did not show the trial court nor does he show us how his "trial strategy, settlement negotiations or discovery" would have changed had he known he would be exposed to damages greater than the original prayer, nor did he show the trial court or us how his alleged inability to change prejudiced him.

Sturms' right to hire his own counsel to protect him from exposure is a separate question. The parties tacitly agree that Sturms was reminded by his trial counsel that his policy limits were $25,000.00 and that he had the right to hire additional counsel to protect his interests. Apparently, Sturms was satisfied to have the counsel chosen by his insurer represent him for damages up to and over the policy limits. There is nothing in the record, however, to indicate Sturms would have elected to hire another attorney had he known his personal exposure would be greater than his exposure resulting from the original prayer.

More important, there is no showing an additional counsel's strategy and tactics would have been qualitatively different than the strategy and tactics employed by Sturms' trial counsel. The record simply shows Sturms' trial counsel attempted to contact both Sturms and his insurer at the time the court was hearing plaintiff's alternative motions to accept the jury's verdict. Sturms' counsel did contact the insurer but did not succeed in contacting Sturms. The purpose for contacting Sturms, however, was not to inform him of his right to obtain additional counsel to argue against plaintiff's motions but simply to remind him he could demand that his insurer settle within his policy limits.[5]

---

ment when the prayer was for $50[000]. The mechanics of how the Court does that ... if the Court decides to ultimately leave that verdict stand is really unimportant. The issue is ... whether or not it is proper for the Court to do so under the circumstances of this case. So, whether it's a motion ... to have the prayer conform with the evidence or in my judgment more artfully drawn ... for the prayer to conform with the verdict ... [t]hat's really unimportant. The real issue is can and should the Court accept the verdict as being fair and just under the circumstances and does the Court have the power to do so. That's the issue I must address.

4. Sturms did say in his closing argument:
[Plaintiff is] seeking monetary damages, and there is an amount of money stated in her petition, there's a large amount of money. We don't think she's entitled to that kind of money.

5. In his argument to the court, Sturms' trial counsel said:
This case was tried under the rules of law as stated 509.050, which state that a pleading must state a money amount in the prayer. There was a money amount in the prayer stated here, $50,000. We have been placed on notice from the day this petition was filed that that was the amount of the prayer of this case, $50,000.
This case has been tried under the belief that that was the maximum amount that the Plaintiff can recover and my client was so advised. My client—There is a $25,000 liability policy, which Shelter Insurance Company has issued to Mr. Sturms who is a Defendant in this case. And there have been two Defendants in the case and my client has taken the view that there will be contribution from that other client and that the maximum amount would

We cannot find prejudice on mere conjecture and speculation, nor can we fault the trial court for not having done so. *Sparks v. Consolidated Aluminum Co.*, 679 S.W.2d 348, 353 (Mo.App.1984). The trial court had broad discretion to alter the prayer for damages after trial had commenced. *Geiser v. Burlington Northern R.R. Co.*, *supra*, 722 S.W.2d at 125. We, thus, do not overturn the trial court's decision here, since there was no showing the court's discretion was abused. *Id.*

Defendant Paynter makes two additional arguments: (1) no proof was adduced at trial that Paynter failed to keep a careful lookout or drove at an excessive rate of speed, and, therefore, it was prejudicial error to submit plaintiff's case to the jury on either of these two theories of negligence, and (2) the $150,000.00 verdict was "against the weight of the evidence and ... so excessive to show the jury was motivated by bias and prejudice."

We have carefully read the record. These arguments are not supported by it. We find no useful or precedential value in addressing these arguments in detail. They are denied. Rule 84.16(b).

Judgment affirmed.

SIMON, C.J., SMITH, P.J., and REINHARD, CRIST, GARY M. GAERTNER, GRIMM and HAMILTON, JJ., concur.

KAROHL, J., concurs in result.

be $50,000, but it was of the view that this case would not even go for $50,000.
In the event that the Court is going to now change the guidelines of this case, the frame within which we're working and increase this three times, from $50,000 to $150,000; before the Court would grant leave to do that, I would request leave to call *my client, to so advise my client that the request is before the Court so that my client can make a determination whether it chooses to tender its $25,000 policy limits* prior to—prior to the Court's ruling on the request to amend the prayer to $150,000 that increased this lawsuit three times over. (emphasis added)

.   .   .   .   .   .   .

*I just wanted to apprise [Sturms] of what had happened and advise him he has the right to*

CRANDALL, J., dissents in separate dissenting opinion.

PUDLOWSKI, J., concurs in dissent.

## APPENDIX

In the Circuit Court of the County of St. Louis State of Missouri

Cause No. 518839

Team B

June 4, 1985

James E. Godfrey, St. Louis, for defendant Sturms.

George J. Jeggle, St. Louis, for defendant Paynter.

## AMENDED PETITION

Comes now plaintiff, by leave of Court, and for her cuase (sic) of action states as follows:

1. On or about October 27, 1984, while a passenger in an automobile being operated by defendant, Thomas Paynter, said automobile was in a collision with co-defendant's vehicle as a direct result of the concurring negligence of both defendants in the following respects to wit:

(a) Defendants negligently operated their automobiles at a high and excessive rate of speed under the circumstances then and there existing.

(b) Defendants negligently failed and omitted to exercise the highest degree of care to keep a lookout to the front and to the side so as to discover one another's

*make the demand to settle within the policy limits and that the potential excess exposure is increased from $25,000 to $125,000 over his $25,000 policy limit, but I did explain it to Shelter Insurance Company.* I've explained everything that's happened here. I've explained that there's a request in to increase the amount of prayer to $150,000. Mr. Morran at Shelter Insurance Company indicated to me that in the event this lawsuit was going to be increased from $50,000 to $150,000 that he has instructed me to tender his policy limits of $25,000 into the registry of the Court, because he does not want to take a chance on that type of a lawsuit here quite frankly. The additional risk is $125,000 over the policy limits—(emphasis added).

automobile upon said street before colliding with said automobile.

(c) Defendants negligently failed and omitted to sound a warning of their approach, movement and proximity of their automobiles, to slacken the speed thereof, to swerve the same, or to stop the same before colliding with one another's automobiles.

(d) Defendants negligently failed and omitted to yield to one another, although one or the other was entitled to the right of way.

(e) Defendants negligently failed and omitted to abide by the traffic signals at said intersection and violated same.

(f) Defendants negligently proceeded into and against the line of oncoming traffic, notably one another, at a time when each was so close that a collision was likely to and did in fact occur.

2. As a direct result of the concurring negligence of both defendants, plaintiff's head, eye, neck, back, spine, face, shoulders, chest, knees, and all of her bones, organs, muscles, tendons, tissues, nerves, veins, arteries, ligaments, circulation, membranes, discs, cartilages and joints thereof, were fractured, broken, ruptured, compressed, punctured, dislocated, separated, bruised, contused, narrowed, abrased, lacerated, burned, cut, torn, wrenched, swollen, ulcerated, strained, sprained, inflamed and infected; she suffered a nervous shock and her nervous system has been impaired and weakened; she suffers from loss of sleep, nervousness and irritability; a condition of arthritis in all of her joints was or will be either caused or aggravated by said occurrence and rendered both painful and disabling; she has and will suffer disfiguring scars about her face; she has lost wages and earnings in the sum of about $3,000.00 to date and will in the future lose wages and earnings; her ability to work, labor, earn wages and enjoy life has been and will in the future be impaired and limited; she has become obligated for medical attention in the sum of about $7,500.00 to date and will in the future become obligated for medical attention; all of the

aforesaid injuries are permanent and the function and use of all said parts has been and will in the future be impaired, limited and rendered painful; she has suffered and will suffer pain, all to her injury and damage in the sum of FIFTY THOUSAND DOLLARS ($50,000.00), for which sum, together with her costs, she prays judgment against defendants.

HULLVERSON, HULLVERSON & FRANK, INC.

/s/ By James E. Hullverson
JAMES E. HULLVERSON, # 15539
Attorney for Plaintiff
1010 Market St., Suite 1550
St. Louis, Missouri 63101
(314) 421–2313

CRANDALL, Judge, dissenting.

I respectfully dissent. The parties herein tried a lawsuit in which the issue of damages was limited to $50,000. If the defendants had permitted judgment to be entered by default, recovery would have been limited to the prayer. By going to trial, they were subjected to a $150,000 judgment, a sum never mentioned in the pleadings nor requested in closing argument. This cannot be correct. Plaintiff clearly sought a total of $50,000 in damages and her recovery should be limited to that sum. *See, e.g., Philip A. Boyer v. Grandview Manor Care Center, Inc. and Vada Mae Eder,* No. 41579, slip op. (W.D.Mo.App. November 21, 1989).

I would reverse and remand.