Pamela Ruth JONES, Respondent,

v.

DIRECTOR OF REVENUE, State
of Missouri, Appellant.

No. 63004.

Missouri Court of Appeals,
Eastern District,
Division Four.

June 22, 1993.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Jefferson City, for appellant.

Pamela Ruth Jones, pro se.

SIMON, Judge.

The Director of Revenue of the State of Missouri, appellant, appeals from the Circuit Court of St. Louis County's order approving Pamela Ruth Jones', respondent, petition for a limited driving privilege. Respondent acting pro se did not submit a brief. Respondent's driver's license was revoked for one year, pursuant to § 577.-041.1, RSMo Supp.1992, due to an alleged refusal to submit to a chemical sobriety test. Respondent filed a petition in the Circuit Court of St. Louis County seeking review of her revocation, or in the alternative, seeking limited driving privileges pursuant to § 302.309.3, RSMo Supp.1992, (all further references shall be to RSMo Supp. 1992, unless otherwise noted). The trial court entered an order staying the revocation on November 20, 1991. The cause was reset six times prior to respondent ultimately dismissing the petition for review of her revocation on September 14, 1992. Thereafter, the trial court entered an order granting respondent a limited driving privilege effective until November 16, 1993.

■ Appellant's sole point on appeal is that the trial court erroneously applied § 302.309.3(5) by granting respondent limited driving privileges prior to respondent completing the first ninety days of her revocation.

Section 302.309.3(5), effective July 1, 1992, provides in pertinent part:

. . . . .

(5) No person is eligible to receive hardship driving privilege whose license has been suspended or revoked for the following reasons: ...

(f) Whose license has been revoked for the first time for failure to submit to a chemical test pursuant to section 577.-041, RSMo ... and who has not completed the first ninety days of such revocation.

. . . . .

Prior to July 1, 1992, § 302.309.3(5) did not require that any period of the revocation be served prior to the issuance of limited driving privileges. Therefore, the issue presented on appeal is which version of § 302.-309.3(5) the trial court should have applied.

Article 1, § 13 of the Missouri Constitution containing four limitations provides: "That no ex post facto law, nor law impairing the obligation of contracts, or retrospective in its operation, or making any irrevocable grant of special privileges or immunities, can be enacted."

■ The first limitation does not apply to the instant case because ex post facto is applicable to criminal legislation only. *State v. Thomaston*, 726 S.W.2d 448, 459[3] (Mo.App.1987). Proceedings involving the revocation of driving privileges impose civil, not criminal penalties. *White v. King*, 700 S.W.2d 152, 155[6] (Mo.App. 1985).

■ As to the second limitation, a retroactive application of the statute may not impair the obligations of contract. Generally, the granting of a license is merely the granting of a privilege without consideration. *Frank v. Wabash Railroad Company*, 295 S.W.2d 16, 20[3] (Mo.1956). An applicant may "avail" herself of the privilege and the state may revoke the privilege at its option. *Id.* Thus, statutes affecting licenses do not "impair the obligations of contracts".

■ With regard to the third limitation, there are two exceptions to the rule

that statutes do not operate retrospectively: (1) where the legislature manifests a clear intent that it do so, and (2) the statute is procedural only and does not affect any substantive rights of the parties. *State ex rel. St. Louis–San Francisco Railway Co. v. Buder*, 515 S.W.2d 409, 410[1] (Mo. banc 1974). Laws that affect substantive rights are those which "take away or impair vested rights acquired under existing laws, or create a new obligation, impose a new duty, or attach a new disability in respect to transactions or considerations already passed." *Id.*, at 410[2]; *see also, Stewart v. Sturms*, 784 S.W.2d 257 (Mo.App.1989). Merely because a statute affects facts or transactions prior to its effective date will not make its retroactive operation unconstitutionally retrospective. *Id.*, at 261[6, 7]. The granting of a hardship driving privilege is a matter of grace, and there is no vested right attached to this privilege so as to constitute a substantive right. *Williams v. Schaffner*, 477 S.W.2d 55, 57[1, 2] (Mo. banc 1972).

The fourth limitation provides that no laws making any irrevocable grant of special privileges or immunities shall be enacted. This does not apply because driver's licenses are for a term of years.

Since the granting of a limited hardship privilege is not substantive in nature, the provisions of §§ 302.309.3(5)(a) and 302.-309.3(5)(f) are not unconstitutionally retrospective in their operation. The amendment to the statute, effective July 1, 1992, applies retroactively to respondent. The trial court erred in applying the pre– July 1, 1992 version of the statute by granting respondent limited driving privileges prior to respondent completing the first ninety days of her revocation pursuant to § 302.-309.3(5)(f). *See Buchheit v. Director of Revenue*, —— S.W.2d ——, No. 62569, slip op. (Mo.App. June 15, 1993).

Reversed and remanded.

CARL R. GAERTNER, P.J., and CRANE, J., concur.