**Thomas H. TAYLOR, Respondent,**

v.

**DIRECTOR OF REVENUE, State of Missouri, Appellant.**

No. 63137.

Missouri Court of Appeals, Eastern District, Division One.

July 27, 1993.

Jeremiah W. (Jay) Nixon, James A. Chenault, III; Sp. Asst. Atty. Gen., Missouri Dept. of Revenue, Jefferson City, for appellant.

Peter L. Hoffman, Diekemper, Hammond, Shinners, Turcotte and Larrew, P.C., St. Louis, for respondent.

CRANDALL, Presiding Judge.

Director of Revenue of the State of Missouri (Director) appeals from the trial court's order which granted limited driving privileges to Thomas H. Taylor. We reverse.

The case was submitted on stipulated facts. The facts were that Thomas H. Taylor (Taylor) was arrested for driving while intoxicated on June 17, 1992. After an administrative hearing, Taylor's driving privileges were revoked for a period of one year pursuant to Sections 302.505 and 302.525, RSMo (Cum.Supp.1992). The revocation became effective on August 21, 1992.

On October 27, 1992, Taylor filed a Petition for Limited Driving Privileges. On October 29, 1992, the trial court granted him limited driving privileges.

Director's sole point on appeal is that the trial court erred in determining that Taylor was eligible to receive hardship driving privileges. Section 302.309, RSMo (1986) was amended and the new version became effective on July 1, 1992. Section 302.309.3(5)(i), RSMo (Cum.Supp.1992), one of the amendments to the statute, provides that no person is eligible to receive a hardship driving privilege if, under § 302.525.2, RSMo (Cum.Supp. 1992), his license has been suspended or revoked for a period of one year because his driving record shows one or more prior alcohol related enforcement contacts during the immediately preceding five years and if the person has not completed such revocation. The original version of § 302.309 did not contain this provision and Director concedes that under the original statute Taylor would have been eligible for hardship driving privileges.

Taylor argues that the amended version of § 302.309 does not apply to him because his arrest took place on June 17, 1992, and the amendments were not effective until July 1, 1992. Director counters that the amendments to § 302.309 apply to bar Taylor from eligibility for hardship driving privileges, because the license revocation went into effect on October 29, 1992, after the July 1 effective date for the amendments.

Recent Missouri decisions have rejected the identical argument advanced by Taylor. *See Jones v. Director of Revenue,* 855 S.W.2d 495 (Mo.App.E.D.1993); *Brennecka v. Director of Revenue,* 855 S.W.2d 509 (Mo.App.W.D.1993); *Buchheit v. Director of Revenue,* 856 S.W.2d 349 (Mo.App.E.D.1993). Our courts have consistently held that a driver's license is not a vested right, but merely a privilege. *Buchheit,* at 350. The granting of a limited hardship privilege is not substantive in nature; and a statute which bars limited driving privileges in certain instances can be applied retrospectively. *Jones,* at 497; *Brennecka,* at 511. Section 302.309.-3(5)(i), RSMo (Cum.Supp.1992) therefore applies to this case and renders Taylor ineligible to receive a hardship driving privilege.

The trial court erred in granting limited driving privileges to him.

The order of the trial court is reversed.

REINHARD and CRIST, JJ., concur.